# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 13-60321-CIV-ROSENBAUM/HUNT

OSCAR GAVIRIA, and WINSTON
WILFREDO SANCHEZ, *on their own behalf*
*and others similarly situated*,

          Plaintiffs,

v.

MALDONADO BROTHERS, INC., d/b/a Auto
Wax of South Florida, and BRINOLFO
MALDONADO,

          Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS PLAINTIFF'S COMPLAINT, AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

This matter is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint.

D.E. 9.[1] Defendants moved to dismiss Plaintiff's Complaint for failure to properly state a claim. *Id*.

Plaintiff indicated that he would file an amended complaint with the Court should his original

Complaint be found deficient. D.E. 14 at 3. The Court has considered all supporting and opposing

_____

[1] Defendants' Motion to Dismiss was filed in response to the Complaint of Plaintiff Oscar Gaviria. D.E. 9. Subsequent to the filing of the Motion and related pleadings, this case was consolidated with another case brought by Plaintiff Winston Wilfredo Sanchez against the same Defendants that involved similar issues of fact and law. *See* D.E. 22. The Amended Complaint of Plaintiff Winston Wilfredo Sanchez was filed prior to consolidation, and Defendants have separately responded to that Amended Complaint. *See* D.E. 33. Accordingly, the Court presently rules only with regard to the Motion to Dismiss the Complaint of Plaintiff Oscar Gaviria and does not discuss the Amended Complaint of Plaintiff Winston Wilfredo Sanchez.

-1-

filings and the record in this case.  For the reasons set forth below, the Court denies Defendants'

Motion and grants Plaintiff leave to file an Amended Complaint.

## BACKGROUND

On February 11, 2013, Plaintiff Oscar Gaviria filed a Complaint with this Court alleging that

his employer, an automobile-cleaning company located in Broward County, Florida, violated the Fair

Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), by not compensating Plaintiff's overtime

work at the statutory rate (Count I) and by reducing Plaintiff's hourly wage below the minimum

wage (Count II). D.E. 1 at 4-7. Plaintiff also brought a claim under Florida's minimum-wage law

(Count III) and asked for declaratory relief (Count IV). D.E. 1 at 7-9. The Complaint was filed

against both Maldonado Brothers, Inc., the corporation that employed Plaintiff, and Brinolfo

Maldonado, an owner and operator of Maldonado Brothers, Inc. D.E. 1 at 1-2.

Defendants responded with the pending Motion to Dismiss Plaintiff's Complaint for failure

to state a claim with regard to the federal-law counts.[2] D.E. 9. Specifically, Defendants contend that

Plaintiff has failed to assert the proper coverage necessary for the FLSA to apply, that Plaintiff has

not properly alleged a collective action, that Plaintiff's Complaint constitutes a "shotgun pleading,"

and that claims against the individual Defendant, Brinolfo Maldonado, should be dismissed if the

---

[2] Plaintiff's Response to Defendants' Motion to Dismiss argues that claims under both the FLSA and Florida state law were properly pled. D.E. 14 at 2-4. However, Defendants do not substantively challenge Count III of the Complaint, Plaintiff's state-law claims. *See* D.E. 9. Defendants note only that, were the Court to dismiss Plaintiff's federal-law claims, it need not entertain Plaintiff's remaining state-law claims. D.E. 15 at 2. Accordingly, the Court considers the adequacy of Plaintiff's pleading of his federal-law claims only, which Defendants here challenge.

claims against the corporate Defendant are dismissed. *See id*.

### DISCUSSION

### I. Rule 12(b)(6) Standard

Rule 12(b)(6), Fed. R. Civ. P., governs motions to dismiss.  That rule provides, in relevant

part,

> **(b)** **How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> **(6)** failure to state a claim upon which relief can be granted; . . . .

*Id.*  The Court, therefore, considers the Federal Rules of Civil Procedure as they set forth the

requirements for stating a claim.

Rule 8(a)(2), Fed. R. Civ. P., demands that a pleading contain "a short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint

need not provide detailed factual allegations, the standard "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ashcroft

v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007));

*see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009); *Corbitt v. Home

Depot U.S.A., Inc.*, 573 F.3d 1223, 1256 (11th Cir. 2009); *Cobb v. State of Florida*, 293 F. App'x

708, 709 (11th Cir. 2008); *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). "[N]aked assertion[s]" bereft of "further factual enhancement" do not suffice. *Twombly*, 550 U.S. at 555, 557. As the Supreme Court has explained, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "Moreover, the facts supporting the claim must be 'consistent with the allegations in the complaint.'" *Wilchombe*, 555 F.3d at 958 (quoting *Twombly*, 550 U.S. at 562). On a motion to dismiss, the Court should accept the non-conclusory allegations in the complaint as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (internal citation omitted); *see also Cobb*, 293 F. App'x at 709; *Brown v. Budget Rent-A-Car Syst., Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).

Courts therefore conduct a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 679. A court should first ask whether the pleading properly asserts "well-pleaded factual allegations," or instead merely asserts "'legal conclusions' [that are] not entitled to the assumption of truth." *Id.* at 679-680 (quoting *Twombly*, 550 U.S. at 555). If the complaint contains factual allegations that are well pled, the court should assume their veracity, and then move to the next step and ask whether the factual allegations "plausibly give rise to an entitlement to relief." *Id.* at 679. Thus, where the pleading asserts non-conclusory, factual allegations that, if true, would push the claim "across the line from conceivable to plausible," the motion to dismiss should be denied. *Id.* at 680 (quoting *Twombly*, 550 U.S. at 570) (quotation marks omitted).

## II. Plaintiff's Allegations of Coverage Under the FLSA

To establish a claim for unpaid overtime and minimum wages under the FLSA, a plaintiff employee must establish one of two types of coverage: (1) "enterprise coverage," which applies to the defendant employer, or (2) "individual coverage," which applies to the plaintiff employee. *Martinez v. Palace*, 414 F. App'x 243, 244-45 (11th Cir. 2011) (citing 29 U.S.C. §§ 206(a), 207(a)(1)); *see also Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006). In their Motion, Defendants challenge the adequacy of Plaintiff's pleading of both enterprise coverage and individual coverage.[3]

## A. Enterprise Coverage

An employer meets the requirements of enterprise coverage if it "1) 'has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and 2) has at least $500,000 of 'annual gross volume of sales made or business done.'" *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C.

---

[3] Whether coverage exists is a "question that implicates both the Court's jurisdiction and the merits of the case." *Gonzalez v. Old Lisbon Rest. & Bar L.L.C.*, 820 F. Supp. 2d 1365, 1367-68 (S.D. Fla. 2011). Defendants here challenge the "entirety" of Plaintiff's Complaint under Rule 12(b)(6). D.E. 9 at 1. But as the Court in *Perez v. Muab* notes, challenges to FLSA coverage could also properly be pled under Rule 12(b)(1), Fed. R. Civ. P., which allows defendants to move for dismissal for lack of subject-matter jurisdiction. *Perez v. Muab, Inc.*, 2011 WL 845818, at *1 n. 3 (S.D. Fla. March 7, 2011). Because Defendants have neither invoked Rule 12(b)(1) nor provided evidentiary support to refute jurisdiction under the FLSA, this Court will use the Rule 12(b)(6) standard to consider their coverage claims, even if these claims may implicate jurisdictional issues. *Gonzalez*, 820 F. Supp. 2d at 1367-68; *see also Roberts v. Caballero & Castellanos, PL*, 2010 WL 114001, at *2 (S.D. Fla. Jan.11, 2010) (applying the 12(b)(6) standard where, even if defendants plead for dismissal under 12(b)(1), they provide no evidentiary support for their jurisdictional attack).

§ 203(s)(1)(A)). The statute makes clear that both of these prongs must be met for enterprise coverage to apply. *Sandoval v. Florida Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008).

Addressing the second prong, Plaintiff's Complaint plainly states, "Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000 per annum during the relevant time periods." D.E. 1 at 3. Defendants do not specifically challenge Plaintiff's pleading of the "annual gross volume" requirement, but they do point to two Eleventh Circuit cases for the general proposition that Courts cannot presume that the employer either was involved in interstate commerce or that the employer grosses over $500,000 annually. D.E. 9 at 6 (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292 (11th Cir. 2011); and *Sandoval*, 303 F. App'x at 805).

Significantly, however, in both of these cases the Eleventh Circuit was reviewing rulings on motions for summary judgment, not a Rule 12(b)(6) motion to dismiss, for which the court must accept as true all factual allegations contained in a complaint. *See Josendis*, 662 F.3d at 1296-97 (noting that the district court converted defendant's original motion to dismiss into a motion for summary judgment under Rule 12(d), Fed. R. Civ. P.); *Sandoval*, 303 F. App'x at 804; *cf. Bell v. J.B. Hunt Transp., Inc.*, 427 F. App'x 705, 707 (11th Cir. 2011) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)) ("In considering a motion to dismiss, courts must generally accept the plaintiff's allegations as true."). Thus, the two Eleventh Circuit cases therefore are not instructive here, where Defendants move to dismiss, not for summary judgment.

Furthermore, other Courts of this Circuit have noted that it is the defendants, not the

plaintiffs, who generally enjoy pre-suit possession of information concerning the annual revenue of the defendants. *Lussi v. Design-Build & Eng'g, Inc.*, 2010 WL 1571158, at *2 (S.D. Fla. April 20, 2010); *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 WL 793660, at *1-2 (M.D. Fla. March 24, 2008) (quoting *Farrell v. Pike*, 342 F. Supp. 2d 433, 439 (M.D.N.C. 2004)). Because of this informational imbalance, a plaintiff's bare-bones revenue allegations may be "sufficient" even without the pleading of more detailed factual allegations. *Lussi*, 2010 WL 1571158, at *2. For these reasons, Plaintiff Oscar Gaviria's pleading of revenue claims suffices.

The other prong of the enterprise-coverage analysis asks whether the business "has employees engaged in commerce or in the production of goods for commerce," or "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(I). Under this provision, enterprise coverage exists when an employer uses tools or other articles that are manufactured out of state and that are necessary for its business purposes. *See Polycarpe*, 616 F.3d at 1227.

Plaintiff's Complaint asserts,

> As a result of the services provided by [Defendants], two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce. . . . At all times material hereto, Defendants were, and continue to be an enterprise engaged in commerce within the meaning of the FLSA. Specifically, Defendants purchased equipment and products manufactured outside of the state of Florida. . . . Defendants were and continue to be, [sic] an enterprise engaged in the production of goods and commerce within the meaning of the FLSA.

D.E. 1 at 2-3. Courts in this District disagree about whether allegations such as these meet the pleading standards of *Iqbal* and *Twombly*. Some courts of this District have dismissed complaints

as "conclusory and lacking in factual support" for alleging, as Plaintiff does, the use of goods and materials produced in interstate commerce without providing more factual details specific to the case. *See Lussi*, 2010 WL 1571158, at *2; *and Peralta v. Greco Intern. Corp.*, 2011 WL 5178274, at *3 (S.D. Fla. Oct. 31, 2011). When that happens, plaintiffs are generally allowed to amend their complaints to allege more specific facts. *See, e.g.*, *Lussi*, No. 09-23446, D.E. 46 at 3 (S.D. Fla. May 7, 2010) (amended complaint notes that plywood used in the workplace was marked as originating in either Canada or Brazil, and employees used nails manufactured in either Ecuador or Honduras); *Peralta*, No.11-22224, D.E 47 at 3 (S.D. Fla. Nov. 8, 2011) (amended complaint notes that employees used lawn-care equipment manufactured in "China and/or Taiwan" and Clorox bleach manufactured in California).

On the other hand, another court of this District characterized the original pleadings in *Lussi*—those prior to the amended complaint's specific allegations of place of manufacture—as "factual in nature." *Perez v. Muab, Inc.*, 2011 WL 845818, at *2 (S.D. Fla. March 7, 2011). The *Perez* Court concluded that the original pleadings, if made in the case before that particular judge, would withstand a motion to dismiss. *Id*. Recognizing that "there is a fine line here to draw," *id.*, the court found that while the pleadings in *Lussi* would be sufficient, pleadings that merely assert that the defendant enterprise is "engaged in an industry affecting commerce" would not. *Perez*, No. 10-62441, D.E. 1 at 2 (S.D. Fla. Dec. 16, 2010). Under this standard, the pleading demands something more than mere recitation of statutory language but does not require detailed and specific factual allegations. In other words, a plaintiff must plead how the defendants are engaged in commerce— *e.g.*, that the materials employees used moved through interstate commerce—but need not plead specific details as to exactly how those materials moved through interstate commerce.

-8-

Other courts of this District have gone further and have approved of pleadings that mirror the pleading that the *Perez* Court rejected.  In *Gonzalez v. Unidad of Miami Beach, Inc.*, 2011 WL 2983671, at *2 (S.D. Fla. July 22, 2011), the court found sufficient a pleading that, in relevant part, stated only that the defendant "was engaged in commerce or the production of goods for commerce within the meaning of [29 U.S.C. §§ 203(b),(j)]." Similarly, the court in *Schlinsky v. Action Video Productions, Inc.*, 2010 WL 227910, at *2 (S.D. Fla. Jan. 13, 2010), found sufficient a pleading that averred that the defendant "was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. § 203(s)."

This Court finds the reasoning in *Perez* to be the most persuasive. Bare assertions that a defendant is "engaged in interstate commerce within the meaning of the law," and nothing more, are mere "formulaic recitation[s] of the elements of a cause of action" and should not survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. Under the notice pleading standard, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's pleading here properly asserts the factual allegations necessary to establish enterprise coverage under the FLSA: Defendants purchased equipment and products manufactured outside of Florida. D.E. 1 at 3. Therefore, Plaintiffs have provided fair notice of their claim concerning *how* enterprise coverage applies, and Defendants can refute this claim with evidentiary support in later filings if they believe  it to be untrue.

However, details about exactly which of Defendant's products and equipment were manufactured outside of Florida, or where they were manufactured, are "[s]pecific facts [that] are

-9-

not necessary" at this stage. *Erickson*, 551 U.S. at 93. Accordingly, the Court will not dismiss Plaintiff's Complaint for its pleading of enterprise coverage under the FLSA.

B. Individual Coverage

For individual coverage under the FLSA to apply, a plaintiff must show that "he was (1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne*, 448 F.3d at 1266 (11th Cir. 2006) (citing 29 U.S.C. § 207(a)(1)). Notably, the text of the FLSA definition of individual coverage does not include the broader language contained in the definition of enterprise coverage concerning "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." *Compare* 29 U.S.C. § 206(a), *and* § 207(a)(1), *with* § 203(s)(1)(A)(i).

The Eleventh Circuit therefore reads the "interstate commerce" requirements of individual coverage much more narrowly than those of enterprise coverage. To show individual coverage, a plaintiff "must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315-16 (11th Cir. 2011) (quoting *Thorne*, 448 F.3d at 1266).

Plaintiff's Complaint alleges, in relevant part,

> At all times hereto, Plaintiff was engaged in commerce within the meaning of § 6 and § 7 of the FLSA. Specifically, Plaintiff utilized and handled equipment and goods manufactured and purchased from outside the state of Florida. . . . At all times hereto, Plaintiff was

-10-

engaged in the production of goods for commerce and subject to
individual coverage under the FLSA.

D.E. 1 at 2-3. Plaintiff's pleading of individual coverage is lacking. As in Plaintiff's pleading of
enterprise coverage, Plaintiff here pleads that he "utilized and handled equipment and goods
manufactured and purchased from outside the state of Florida." *Id.* at 2. However, such a factual
allegation is immaterial to the question of whether individual coverage applies because it does not
answer whether Plaintiff regularly uses the instrumentalities of interstate commerce in his work. *See
Josendis*, 662 F.3d at 1315-16. Thus, this allegation, though factual in nature, fails the second prong
of the *Iqbal* analysis because it does not "plausibly give rise to an entitlement to relief" within the
context of individual coverage. *Iqbal*, 556 U.S. at 679.

Plaintiff's pleading of individual coverage otherwise merely recites the statutory language
to note that he "was engaged in commerce" or "was engaged in the production of goods for
commerce," D.E. 1 at 2-3, and is thus insufficient under *Iqbal* and *Twombly*. Nor is it immediately
apparent how Plaintiff was "engaged in commerce" or "engaged in the production of goods for
commerce" in his capacity as an employee at an automobile-cleaning company. Without an assertion
of just how Plaintiff was engaged in commerce in the course of his employment, Defendants would
be at a loss as to how to respond to this allegation. Accordingly, Plaintiff's pleading of individual
coverage is insufficient, and the Court will grant Plaintiff leave to amend his Complaint and correct
these deficiencies.

### III. Plaintiff's Collective-Action Claim

Defendants also allege that Plaintiff "set forth no facts whatsoever in support of its collective

-11-

action so as to withstand a motion to dismiss." D.E. 9 at 9. As support, Defendants cite to *Peralta*

for the proposition that facts such as "the similarity of the policies and procedures plaintiffs were

subject to, and the similarity of the allegations against defendants" must be alleged to withstand a

motion to dismiss. *Id.* (citing *Peralta*, 2011 WL 5178274, at *4).

Whether a suit can proceed as a collective action under FLSA § 216(b) is determined "not

on a 12(b)(6) motion, but rather on a motion to conditionally certify a collective action. Nevertheless,

where a complaint fails to sufficiently allege the attributes of the similarly situated employees, the

collective action claim may be dismissed at the pleading stage." *Meggs v. Condotte Am., Inc.*, 2012

WL 3562031, at *3 (S.D. Fla. Aug. 17, 2012) (internal citations omitted).

The purpose of including Plaintiff's collective-action claim in the Complaint is not to have

the Complaint constitute a motion for conditional certification in and of itself, but rather to "put

Defendant on fair notice that Plaintiff may seek conditional certification of a collective action" in

the future. *Mitial v. Dr. Pepper Snapple Group*, 2012 WL 2524272, at *4 (S.D. Fla. June 29, 2012).

A court should therefore dismiss collective-action claims only when "fatal deficiencies . . . warrant

their dismissal at the pleading stage." *Dominguez v. Micro Ctr. Sales Corp.*, 2012 WL 1719793, at

*2 (N.D. Ill. May 15, 2012).

Plaintiff in this case has yet to file a motion for conditional certification, and the only person

who has filed a consent to join in this action is Plaintiff Oscar Gaviria. D.E. 3. This Court therefore

agrees with the court in *Meggs* that Defendants' arguments are premature under these circumstances.

*Meggs*, 2012 WL 3562031, at *3 (citing *Mitial*, 2012 WL 2524272, at *4; and *Moreno v. Ferretti

Grp. of Am., LLC*, 2011 WL 4499031, at *3 (S.D. Fla. Sept. 27, 2011)).

Nevertheless, the Court finds Plaintiff's pleading sufficient to withstand a motion to dismiss.

The collective-action claims in Plaintiff's Complaint, like the claims that the *Meggs* court upheld, assert that "additional persons who may become plaintiffs in this action are/were hourly paid employees of the Defendants, who held similar positions to Plaintiff," and who did not receive proper overtime pay or pay at the minimum wage. D.E. 1 at 3, 7; *see Meggs*, 2012 WL 3562031, at *3. The claims are sufficient to place Defendants on fair notice that Plaintiff may move to conditionally certify a class. *See Mitial*, 2012 WL 2524272, at *4. If Plaintiff so moves, Defendants may then reassert their arguments or bring new ones in response to the motion for conditional certification.[4] *Id.*

## IV. Defendants' Assertion of "Shotgun" Pleading

Finally, Defendants' Motion to Dismiss alleges that Plaintiff's Complaint constitutes a "shotgun pleading" because Counts II and IV reincorporate by reference all preceding paragraphs of the Complaint.[5] D.E. 9 at 10. Defendants also note that it is difficult to answer specific paragraphs of the Complaint because the numbering repeats paragraph numbers 41 and 42. *Id.*

"Shotgun" pleadings—in which each count incorporates all preceding paragraphs of the complaint, even though many of the facts alleged are irrelevant to the claim purportedly asserted—have been "roundly, repeatedly, and consistently condemn[ed]" by the Eleventh Circuit. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008); *see Thompson v.*

---

[4] The Court is not making any determination at this time as to whether a motion to conditionally certify a class, if brought by Plaintiff, will be successful. *Cf. Meggs*, 2012 WL 3562031, at *3 n. 7; *Peralta*, 2011 WL 5178274, at *4 n. 4.

[5] Count III, Plaintiff's state-law claim, also incorporates by reference all preceding paragraphs, *see* [D.E. 1 at 7], but Defendants do not challenge Count III here.

*RelationServe Media, Inc.*, 610 F.3d 628, 650 n. 22 (11th Cir. 2010) (Tjoflat, J., concurring in part and dissenting in part). The Eleventh Circuit labels a complaint as a shotgun pleading when it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). A pleading drafted in this manner "is in no sense the 'short and plain statement of the claim' required by Rule 8[(a)(2), Fed. R. Civ. P.]," and "completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam).

When faced with a shotgun complaint, the Eleventh Circuit encourages defendants to first make motions for more definite statements or, failing that, the district court should *sua sponte* demand repleader. *Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 603 (11th Cir. 2008) (citing *Anderson*, 77 F.3d at 367 & n. 5; and *Davis*, 516 F.3d at 983-984). Dismissal, and possibly sanctions, are warranted under certain circumstances only if the party then fails to revise the shotgun complaint. *Bailey*, 288 F. App'x at 603 (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001)).

Though Defendants may be confused about which paragraphs directly relate to Counts II and IV in Plaintiff's Complaint, Defendants have not first moved for a more definite statement under Rule 12(e), Fed. R. Civ. P. Therefore, Defendant's motion to dismiss the Complaint because it is a shotgun pleading is unwarranted.

Furthermore, Plaintiff's Complaint, though perhaps imperfect in its organization, does not rise to the level of a "condemn[able]" shotgun pleading. *Davis*, 516 F.3d at 979. The quintessential shotgun pleading "begin[s] with a long list of general allegations, most of which are immaterial to

most of the claims for relief," *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998), names multiple defendants, all of whom are charged in each count with no distinction made among the defendants, *Magluta*, 256 F.3d at 1284, and reincorporates allegations of preceding counts such that "each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies," *id.*

Plaintiff's Complaint does not meet that description. Though Counts II and IV do incorporate by reference all preceding paragraphs, this incorporation does not create an inscrutable tangle of facts and claims that would render the Complaint a shotgun pleading. For example, Count II for the recovery of minimum wages under the FLSA incorporates some preceding paragraphs that are directly relevant only to Plaintiff's overtime-pay claims. But it is not "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," *Anderson*, 77 F.3d at 366, nor must Defendants wade through "rambling irrelevancies" in an attempt to answer the Complaint, *Magluta*, 256 F.3d at 1284. The Complaint is not so incoherent as to result in "largely aimless discovery" and the trial court's inability to "squeeze the case down to its essentials . . . without proper delineation of issues." *Johnson Enterprises of Jacksonville, Inc.*, 162 F.3d at 1333.

Similarly, Plaintiff's typographical error repeating paragraph numbers 41 and 42 in the Complaint is not a barrier for Defendants to properly respond to the Complaint. Nevertheless, the deficiencies that Defendants point out are distracting and inconvenient. Therefore, because the Court will grant Plaintiff leave to amend his pleading of individual coverage under the FLSA, Plaintiff shall also correct the organizational deficiencies in his Complaint at the same time.

Because the Court is not dismissing without prejudice Plaintiff's claims against corporate

-15-

Defendant Maldonado Brothers, the Court need not rule on whether claims against individual Defendant Brinolfo Maldonado should also be dismissed. *See* D.E. 9 at 10.

### *CONCLUSION*

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Complaint [D.E. 9] is **DENIED**. Plaintiff shall be granted leave to file an amended complaint with the Court. Plaintiff's amended complaint shall be filed on or before **July 16, 2013.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 2nd day of July 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record